———o———

No. 3985.

(Court of Appeal, Parish of Orleans.)

GERALD H. KREUMPEL, GUARDIAN vs. MRS. JOHN R. McGRAW, ET ALS.

Stale demands against parties deceased must be established with more than reasonable certainty, and the unfavorable presumption created by the delay can be removed only by peculiarly strong and exceptionally conclusive testimony.

Appeal from Civil District Court, Division E.

Wm. A. Collins for plaintiff and appellee.

Carroll & Carroll, attorneys for defendant.

J. C. Henriques for defendant and appellant.

DUFOUR, J. John McGraw, defendant's son, died, leaving to his child an undivided interest in real estate, which, at the child's death, was inherited by its mother Dolly Ashton, in whose behalf this proceeding is instituted by her guardian.

She seeks to annul the sale of the property, made under a power of attorney given by her at her residence in Alabama on the ground that she was a minor when she executed it.

It is shown that she was a minor and the sale is null ; the only question presented on appeal is the claim contained in defendant's reconventional demand for $528.00 for board and for money loaned to John McGraw, when he resided in New Orleans with his mother, from 1899 to 1903.

The District Judge correctly rejected as prescribed all the items more than three years old at the time the reconventional demand was filed, November 21st, 1905.

He also rejected as in case of non suit the last three items of the account, to-wit : "to cash Dr. Wallet's services, $30.00, to cash medicines $15.00, to cash going to Mobile, $15.00.

It is unnecessary to consider the charge that defendant's husband, who acted for his wife in all these matters fraudulently obtained the power of attorney ; the only present pertinent inquiry is, whether or not, the foregoing items are supported by sufficient evidence.

The only testimony on that point is that of the defendant who states generally that the charge is correct but who does not undertake to give dates or details. She says she knows it from memory and from the books kept for her by her husband.

When the latter was tendered as a witness to prove that he had seen his wife make certain payments, the Court properly ruled that he could testify only to such items as he paid for Mrs. McGraw, and not as to payments made by his wife in his presence. The fact that he entered these under her instructions in the book he kept for her cannot convert a matter of personal knowledge, inadmissible as such, into an act of agency, admissible in evidence.

9

The rule of law to be applied in cases of this kind is well stated in Bodenheimer vs. Executors, 35 An. 1006, (re-iterated in 39 An. 684), as follows :

"Plaintiffs must establish their claims with reasonable certainty under any circumstances. A stale claim, pertinaciously and long withheld from presentation or prosecution until her, against whom it is to be preferred, has died must be established with more than reasonable certainty. An unfavorable presumption is created by the delay. It can be removed only by exceptionally conclusive and peculiarly strong testimony."

Judging according to that standard, the testimony in this case was correctly found insufficient to sustain the claim.

Judgment affirmed.